**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 11-14162

ANGELA SAFFORE a/k/a ANGELA BARNES,

    Defendant.
                                                  /

**ORDER GRANTING MOTION FOR ALTERNATE SERVICE**

Before the court is Plaintiff's motion for alternate service. Plaintiff states that its process server has made four attempts at service at the known address of Defendant Angela Saffore. Following the four unsuccessful attempts at service, Defendant contacted Plaintiff via telephone seeking to work out a payment arrangement and confirmed her address.[1] As a result of the telephone conversation, Plaintiff mailed a stipulation for consent judgment to Defendant requesting that she sign and return the stipulation; to date, Defendant has not returned the stipulation. Plaintiff contends that it appears that Defendant is evading service and Plaintiff thus asks the court for permission to effect service by alternate means.

Service of a complaint filed in a federal court is proper by any method permitted for serving a complaint by the state in which the federal court is located. Fed. R. Civ. P. 4(e)(1). Under Michigan law, "the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of

---

[1] Plaintiff also confirmed Defendant's last known address with the United States Postal Service.

the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(I)(1).  Such alternative service may only be ordered upon "a showing that service of process cannot reasonably be made as provided" otherwise.  Mich. Ct. R. 2.105(I)(1).  Tacking a copy of the summons and complaint to the door of the address of a defendant may be considered a "manner reasonably calculated to give the defendant actual notice," especially when accompanied by a mailing.  *See Dehaan v. Tsarnas*, No. 289967, 2010 WL 2384921, at *4 (Mich. Ct. App. June 15, 2010) (per curiam); *Bennett v. Davidson*, No. 250694, 2005 WL 1123603, at *1 (Mich. Ct. App. May 12, 2005) (per curiam).

Here, Plaintiff has made the requisite showing that service of process cannot reasonably be made as provided in the rules due to Defendant's apparent evasion. Therefore, the court will grant the motion and allow alternate service by a combination of posting on Defendant's front door, publication in a local newspaper, and first class mail.  Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Alternate Service" [Dkt. # 3] is GRANTED and alternate service is ALLOWED as specified above.

  s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 3, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 3, 2012, by electronic and/or ordinary mail.

  s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-14162.SAFFORE.GrantAlternateService.jrc.wpd